MEMORANDUM **
Abel Cervantes-Valero appeals from the 30-month sentence imposed following his guilty-plea conviction for illegal re-entry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Cervantes-Valero contends that the district court procedurally erred by: (1) failing to adequately explain the sentence; *169 and (2) failing to consider the sentencing factors under 18 U.S.C. § 3553(a). We conclude that the district court did not procedurally err. See United States v. Perez-Perez, 512 F.3d 514, 516 (9th Cir.2008); see also United States v. Carty, 520 F.3d 984, 992, 995-96 (9th Cir.2008) (en banc).
Cervantes-Valero also contends that the sentence is substantively unreasonable in light of various factors under § 3553(a). We conclude that the sentence is substantively reasonable in light of the totality of the circumstances. See Carty, 520 F.3d at 993.
Finally, Cervantes-Valero contends that, under the doctrine of constitutional avoidance, the statutory maximum for his offense is two years because the fact of his prior conviction was neither submitted to a jury nor admitted in a guilty plea, and the necessary level of proof required by the Sixth Amendment is an open question. This contention is foreclosed. See United States v. Zepeda-Martinez, 470 F.3d 909, 912 (9th Cir.2006); see also United States v. Grisel, 488 F.3d 844, 846-47 (9th Cir.2007) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.